15897.  CUTTS *v.* LEONARD BROTHERS MOTOR COMPANY.

STEPHENS, J.  1. This being a suit upon a purchase-money note given by the defendant to the plaintiff, for the balance due upon an automobile warranted by the plaintiff to be a 1920 model Buick roadster in first-class condition, to which the defendant filed a plea setting up a breach of warranties, and also a plea of rescission upon the ground of an alleged fraud upon the part of the plaintiff as respects the character and condition of the automobile, and there being evidence from which the jury could infer that the defendant had not offered to rescind the contract and to return the property promptly upon a discovery by him of the alleged fraud, and there being evidence authorizing the inference that the plaintiff did not perpetrate the fraud alleged, and there being evidence from which the jury could infer that the plaintiff had breached the warranties, to the damage of the defendant in an amount representing the difference between the true value of the automobile and the contract price, a verdict against the defendant's plea of rescission and in favor of the plaintiff in an amount representing the actual value of the automobile was authorized.

2. The court having clearly instructed the jury that the defendant's contention was that the automobile was in fact a 1919 model Buick roadster, the charge is not subject to the exception that the court limited the defendant to the contention that certain parts of the automobile remaining after it had been repaired and rebuilt were parts belonging to a 1919 model Buick roadster.

3. The defendant having pleaded a rescission of the contract and an offer to return the automobile to the plaintiff upon the discovery of the plaintiff's fraud, and, in his plea and evidence, making a continuing offer to return the automobile to the plaintiff, and the defendant having testified that the automobile had been stored for the plaintiff's benefit, and the court having instructed the jury to find a verdict for the defendant if they believed the evidence sustained the plea of fraud and rescission, and the court having also instructed the jury that upon the plaintiff's refusal to accept the automobile when tendered by the defendant, the defendant might store the automobile and hold it as the

plaintiff's agent, the charge is not subject to the exception that the jury was left under the impression that the defendant could be relieved of paying for the automobile and at the same time retain it, or that the court failed to instruct the jury that should the defendant's plea of rescission be sustained, the automobile would then become the property of the plaintiff.

4. Where the evidence relied upon by the defendant in support of the plea of fraud and rescission was that a salesman of the plaintiff, at the time the contract of sale was entered into, knew that the automobile had been operated by a former owner for a considerable time, and had been made over and reconstructed from new parts, after having been considerably damaged in a wreck, which the plaintiff denied, newly discovered evidence of a former employee of the plaintiff, to the effect that the salesman had such knowledge prior to the execution of the contract of sale, is merely cumulative and impeaching; and in view of there being an issue both as to alleged fraud and as to the defendant having offered to rescind upon the discovery of fraud, and there being introduced upon the hearing of the motion for a new trial the evidence of the salesman in contradiction to the newly discovered evidence, and also evidence tending to impeach the person offering the newly discovered evidence, it does not appear that such evidence would, upon another trial, likely produce a different result. Besides, it does not appear that such evidence could not have been discovered by ordinary diligence upon the part of the defendant or his counsel.

5. Certain other alleged newly discovered evidence as to the nonexistence of a certain correspondence which it is alleged the agent of the plaintiff had at one time, in conversation with the defendant, after the contract of sale had been entered into, claimed to have been in existence between him and the Buick agency in another city, was not, even assuming that it had any probative value for any purpose, of such character that it would be likely to produce a different result.

6. The evidence authorized the verdict found for the plaintiff, and no error of law appears. The court did not err in overruling the defendant's motion for a new trial.

<em>Judgment affirmed. Jenkins, P. J., and Bell, J., concur.</em>

Decided August 20, 1925.

Complaint; from Ben Hill superior court—Judge Crum. August 16, 1924.

*Hal Lawson, Wall & Grantham,* for plaintiff in error.

*A. J. & J. C. McDonald,* contra.